IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD FRANCIS and § | |
| KIMBERLY FRANCIS, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. A-15-CV-389-SS |
| § | |
| § | |
| LOWE'S HOME CENTERS, LLC, § | |
|     Defendants. § | |

## PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiffs, Edward Francis and Kimberly Francis, file this amended compliant as authorized by Fed. R. Civ. P. 24.

### A. PARTIES

1.  Plaintiffs, Edward Francis and Kimberly Francis are individuals that are citizens of the State of Texas.

2.  Defendant, Lowe's Home Centers, LLC ("Lowe's) is a national corporation organized under the laws of the state of North Carolina. Defendant may be served through its lawyer Krishna Reddy at 4801 N.W. Loop 410, Suite 525, San Antonio, Texas 78229.

3.  Defendant, Guangdong Vanward Electric ("Vanward") is a non-resident alien company located in China. Pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Guangdong Vanward Electric may be served with process by serving the Central Authority of China at

8

Ministry of Justice, International Legal Cooperation Center, 6, Chaoyangmen Nandajie, Chaoyang District, Beijing, P.C. 100020, People's Republic of China.

### B. VENUE AND JURISDICTION

4. The United States District Courts for the Western District of Texas, Austin Division, have jurisdiction of this civil action under 28 U.S.C §1332 because Plaintiffs were and are citizens of the State of Texas and Defendant Lowe's Home Centers, LLC is a citizen of North Carolina. Defendant Guangdong Vanward Electric has had continuing and systematic contact with the state of Texas by delivering their products into the stream-of-commerce with the expectation that the products would reach consumers within the state of Texas.

5. Venue is proper in the Western District of Texas by virtue of Title 28 U.S.C. §1391(a)(1)(2) and/or (3). As business entities, Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action commenced. 28 U.S.C. 1391(c). Furthermore, the incident made the basis of the lawsuit occurred in the Western District of Texas.

### C. FACTUAL BACKGROUND

6. On or about August 17, 2013 Plaintiffs purchased a Master Forge gas grill, manufactured by Defendant Vanward, from Defendant Lowe's for $247.22.

7. Defendant Lowe's employees encouraged Plaintiffs to purchase the floor model, which was already assembled by Defendant's employees.

8. This particular brand and model was recalled on November 6, 2012 due to defective assembly instructions.

9. Improper installation caused a hazard of the grill catching on fire.

10. On June 21, 2014 the family heard a loud noise and discovered the grill had burst into flames on Plaintiffs' deck, which then spread to Plaintiffs' house and yard.

11. On July 17, 2014, Plaintiff Edward Francis was treated at the emergency room for chest pains due to stress.

12. Plaintiff Kimberly Francis suffered from debilitating anxiety due to the fire and in dealing with the prolonged displacement from their home.

13. As a result of the fire Plaintiffs have suffered major property damage and personal injuries.

### D. CAUSES OF ACTION

**A. STRICT PRODUCT LIABILITY**

14. At all material times hereto Defendant Vanward was and is the manufacturer, seller and/or distributor of the grill, which was recalled due to defective assembly instruction that caused the fire hazard.

15. The Master Forge grill at issue in this suit was designed, constructed, marketed, distributed, assembled and/or sold by and through the agents and/or representatives of both Defendants.

16. Both Defendants were regularly engaged in the business of supplying or placing products, like the Master Forge grill in question, into the stream-of-commerce for use by the consuming public, including the Plaintiffs, solely for commercial purposes.

17. Under §82.005 of the Tex. Civ. Prac. & Rem. Code a strict product liability cause of action arises when the manufacturer or seller fails to warn of a dangerous characteristic of the product.

18. The failure of an adequate warning is the design defect, which as a marketing defect is proven through the following particulars:

    a. A risk of harm arises in the manufacturer or seller's anticipated use of the product;
    b. there is actual knowledge or the risk of harm by the seller at the time the product is marketed if foreseeable;
    c. the absence of a warning renders the product unreasonably dangerous to the product's consumer; and
    d. there is a causal link between the failure to warn and the product user's injury.

19. Nonmanufacturing sellers are also liable for the harm caused by a product they did not manufacture if the seller installed the product and the claimant's harm resulted from the assembly of the product or that the seller knew of the defect on the product at the time of supply and the harm resulted from the defect. Tex. Civ. Prac. & Rem. §82.003.

20. Defendant Vanward recalled the product and Defendant Lowe's knew or should have known the Master Forge grill was recalled and the improper installation of the product would cause an unreasonably dangerous harm to the Plaintiffs.

21. Plaintiffs received no warning of the recall at the time of purchase of the grill from the Defendants and did not become aware of the recall until after the underlying cause of action occurred.

22. Defendants' defective product was the direct and proximate cause of Plaintiffs' property damage and personal injuries.

**B. DECEPTIVE TRADE PRACTICES**

23. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities, which they do not have, is actionable under the Texas Deceptive Trade Practices Act §17.46(b)(5).

24.     Defendants represented to the Plaintiffs that the grill was fit for use and failed to disclose any information about the recall and improper assembly of the grill.

25.     Further, failing to disclose information concerning the goods and services, which induces the consumer into a transaction that the consumer would not have entered into had the information been disclosed, is actionable under the Texas Deceptive Trade Practices Act §17.46(b)(24).

26.     Defendants induced Plaintiffs into the purchase of the assembled grill, which Plaintiffs would not have purchased had the recall information been disclosed to them and this deception was the proximate cause of Plaintiffs' property damage and personal injuries.

**C. VIOLATION OF THE CONSUMER PRODUCT SAFETY ACT**

27.     The Consumer Product Safety Act 15 U.S.C. §2072(a) provides a private cause of action for damages to any person injured due to a knowing violation of the act.

28.     It is an unlawful violation under 15 U.S.C. §2068(a) to sell, manufacture for sale, distribute in commerce, or import into the United States a product that is not in conformity with applicable consumer product safety rule or any similar regulation.

28.     Defendants knowingly sold a product on August 17, 2013 after the date of recall by the Consumer Product Safety Commission on November 6. 2012, which was the proximate cause of Plaintiffs' property damage and personal injuries.

**E. DAMAGES**

29.     As a result of Defendants' conduct, Plaintiffs have suffered damages, which include property damage to their home, reasonable and necessary medical expenses in the past and future, physical pain and mental anguish in the past and future, and past lost wages.

## F. JURY DEMAND

30. Plaintiffs respectfully request that a jury be impaneled to decide the issues of this case.

## G. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing Plaintiffs have judgment of and against Defendants in an amount in excess of the minimal jurisdictional limits of the Court, that they have pre-judgment and post-judgment interest at the highest lawful rate until said judgment is fully paid, that they have and recover all costs of the court and have all such other than further relief, general and special, or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/* James A Rodman
James A. Rodman
State Bar NO:  17139525
1515 W. 35th Street, Bldg C
Austin, Texas  78703
Telephone: (512) 481-0400
Facsimile: (512) 481-0500
jimrodman@rodmanlawoffice.com
**ATTORNEY FOR PLAINTIFF**